UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ACOSTA, INC.,

    Plaintiff,

Case No. 3:19-cv-01271-HES-JBT

vs.

NATIONAL FRUIT PRODUCT COMPANY,
INCORPORATED,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant National Fruit Product Company, Incorporated ("National Fruit") answers the Amended Complaint served by Plaintiff Acosta, Inc. ("Acosta") [D.E. 2], and states:

### Parties, Jurisdiction and Venue

1. Admitted.

2. Admitted.

3. Admitted for venue purposes only.

4. Denied, but admitted for jurisdictional purposes of this action only.

5. Denied.

### The Broker Agreement

6. Denied, except admitted that National Fruit and Acosta entered into a broker agreement, and refers to Exhibit A for its content and meaning.

7. Denied, except admitted that National Fruit is the entity that was a party to the broker agreement, and that National Fruit lacks knowledge or information sufficient to form a belief about National Fruit's reasons for suing WV White House Foods, LLC.

8. Admitted, and refers to Exhibit A, including its schedules, for its content and meaning.

9. Denied, and refers to Exhibit A, including its schedules, for its content and meaning.

10. Denied, and refers to Exhibit A, including Section 1.2, for its content and meaning.

11. Denied.

12. Denied.

13. Denied, and refers to Acosta's June 20, 2019 correspondence for its content and meaning.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT 1 - BREACH OF CONTRACT

19. National Fruit repeats and realleges its responses asserted in paragraphs 1 through 18 of this Answer as though fully set forth again.

20. Denied.

21. Denied.

22. Denied.

National Fruit further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Amended Complaint.

## AFIRMATIVE DEFENSES

### First Affirmative Defense

Acosta's Amended Complaint is barred because of Acosta's failure of performance, including Acosta's termination of personnel assigned to National Fruit's account without notice to National Fruit or timely reassignment, Acosta's immediate discontinuance of services upon receipt of a mere notice of termination, and Acosta's failure to perform consistent with statements made by Acosta to induce National Fruit to execute the broker agreement.

### Second Affirmative Defense

Acosta's Amended Complaint is barred because of Acosta's prior material breach of the broker agreement, including Acosta's termination of personnel assigned to National Fruit's account without notice to National Fruit or timely reassignment, Acosta's immediate discontinuance of services upon receipt of a mere notice of termination, and Acosta's failure to perform consistent with statements made by Acosta to induce National Fruit to execute the broker agreement.

### Third Affirmative Defense

Some or all of the amounts sought by Acosta were not within the reasonable

contemplation of the parties at the time the parties reached agreement, and are too remote, contingent and speculative to be recoverable.

### Fourth Affirmative Defense

Acosta has failed to mitigate its damages, if any.

### Fifth Affirmative Defense

Acosta's Amended Complaint is barred by Acosta's conduct, including its failure of performance and prior material breach of the broker agreement, when coupled with statements made by Acosta to induce National Fruit to execute the broker agreement.

### Sixth Affirmative Defense

Acosta's Amended Complaint is barred because Acosta has failed to escalate the dispute to senior level managers or vice presidents or work in good faith to resolve this dispute.

### Seventh Affirmative Defense

Acosta's Amended Complaint is barred because, as Acosta is aware, all records necessary to compute compensation are not yet available to National Fruit or Acosta.

WHEREFORE, National Fruit respectfully requests that this Court enter judgment in favor of National Fruit and an order:

 A. Dismissing with prejudice Plaintiff's Amended Complaint against National Fruit in its entirety;

 B. Awarding National Fruit its costs and expenses incurred in defending against the Amended Complaint; and

C. Granting National Fruit such other and further relief as the Court deems appropriate.

Dated: November 15, 2019

                        Respectfully submitted,

                        **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                        By _____
                        Frank Morreale (FL Bar No. 32559)
                        50 N. Laura Street, Suite 4100
                        Jacksonville, Florida 32202
                        (904) 665-3651
                        frank.morreale@nelsonmullins.com

                        *Attorneys for Defendant National Fruit Product Company, Incorporated*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on November 15, 2019. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Alan S. Wachs, Esq.
Joseph C. Crawford, Esq.
Smith, Gambrell & Russell, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6100
awachs@sgrlaw.com
jcrawford@sgrlaw.com
*Attorneys for Plaintiff Acosta, Inc.*

                                                                    */s/ Frank Morreale*
                                                                      Attorney

~#4851-9827-7804~